IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

Wayman Damon Costner

v.                                                           Case No: 19-20080

UNITED STATES OF AMERICA                    Honorable Judith E. Levy

MOTION FOR REDUCED SENTENCE UNDER 18 U.S.C. 3582(c)(1)(A)

The defendant, Wayman Damon Costner, proceeding pro-se, hereby submits this motion for immediate release pursuant to 18 U.S.C. 3582(c)(1)(A). Mr. Costner satisfies the "extraordinary and compelling reasons" standard under 3582(c)(1)(A), as elaborated by the Sentencing Commission in U.S.S.G. 1B1.13. Mr. Costner respectfully requests that this Court reduce his sentence to time served.

1. Exhaustion in September of 2020.

Mr. Costner filed a request for Reduction in Sentence, or RIS, based upon the criteria announced in the First Step Act of 2018. The warden failed to reply to the request in the lapse of 30 days. Therefore the exhaustion requirement is satified.

2. Sentence Reduction Authority Under 18 U.S.C. 3582(c)(1)(A)(i)

This Court has discretion to reduce the term of imprisonment based on 3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. 3553(a) to the extent they are applicable, if it finds that... extraordinary and compelling reasons warrant such

1

a reduction...and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.] In 28 U.S.C. 994(t), Congress delegated to the Sentencing Commission the authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." As relevant here, the examples of "extraordinary and compelling reasons" in U.S.S.G. 1B1.13 include Mr. Costner's circumstances: The defendant is —

(I) suffering from a serious physical or medical condition,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13, Note 1 (A)(ii). Additionally, extraordinary and compelling reasons exist "other than, or in combination with the reasons described in subdivisions (A) through (C). See 1B1.13, Note 1 (D). Under 3582(c)(1)(A) and 1B1.13, it is the Court, not the BOP, that is charged with considering the "extraordinary and compelling reasons," then evaluating whether the sentencing factors under 3553(a) warrant a reduction in sentence.

3. Mr. Costner's Health Condition

Mr. Costner suffers from obesity which is a recognized condition that makes him more susceptible to adverse outcomes in light of the Covid-19 pandemic. The link between extra pounds and severe COVID-19 grew stronger as the Centers for Disease Control and Prevention asserted that people who are merely overweight, not just obese, may be at high risk of serious disease from the infection. After cranking

2.

up its warning about obesity, the CDC stated that the risk now starts at a BMI of 25 instead of 40.

4. Mr. Costner Has Established Extraordinary and Compelling Reasons that Warrant a Sentence Reduction.

The government has routinely conceded that a CDC-recognized health condition placing an individual at greater risk of severe illness establishes "extraordinary and compelling reasons." See e.g. United States v. Blount, No. 1:11-cr-00415-1, Govt's Resp., ECF No. 1022 at *11 (N.D. Ill. Aug 4, 2020) (conceding an "extraordinary and compelling reason" on the basis of obesity alone because, "despite the fact that defendant's health conditions do not present an immediate end of life trajectory, the government acknowledges that defendant's obesity... is a CDC-identified risk factor placing him at a higher risk of severe outcomes from COVID-19.")

5. Section 3553(a) factors

The 3553(a) factors do not bar this Court from releasing Mr. Costner. See 18 U.S.C. 3582(c)(1)(A) (directing the Court to "consider [] the sentencing factors set forth in section 3553(a) to the extent that they are applicable.") see also U.S.S.G. 1B1.13(a) (guideline stating that one factor weighing in favor of compassionate release is that "the defendant is not a danger to the safety of any person or the community.")

Mr. Costner is not the same person he was before he got arrested. His time in custody has led him to reflect on his past. Further incapacitation is not necessary with respect to deterrence. Once released, Mr. Costner will return to Detroit Michigan to live with his girlfriend of four years. He will be seeking employment through Michigan Works.

At the time this Court sentenced Mr. Costner, no one could have predicted that a pandemic would disrupt the world and endanger the health of already

3.

sentenced people. BoP's website lists one COVID-19 positive inmate and 921 recovered inmates at FCI Elkton where Mr. Costner is being housed. Federal Bureau of Prisons, COVID-19 Coronavirus (Oct. 21, 2020) at https://www.bop.gov/coronavirus/. Combining recovered active cases - 922 inmates - provides a more informative picture of the outbreak because the facility is not testing to determine recovery. Mr. Costner has worries of contracting the virus and further complicating his health.

## Conclusion

For the foregoing reasons, Mr. Costner respectfully requests that the Court grant a reduction in sentence to time-served.

Respectfully Submitted

Wayne Costner

4.

TRULINCS 57225039 - COSTNER, WAYMON DAMON - Unit: ELK-F-A

---

FROM: 57225039 COSTNER, WAYMON DAMON
TO: Warden
SUBJECT: ***Request to Staff*** COSTNER, WAYMON, Reg# 57225039, ELK-F-A
DATE: 09/27/2020 08:23 PM

To: Mark K. Williams
Inmate Work Assignment: FA Orderly

I am requesting for you to file a compassionate release on my behalf. Due to the Covid outbreak and my obesity, I am at risk of dying or suffering serious harm if I was to get infected. That is an extraordinary and compelling reason within itself. I've also shown exemplary rehabilitation and has maintained close relationships with my family.
    Absent updated guidance from the Sentencing Commission, the First Step Act freed district courts to consider any potentially extraordinary and compelling reasons that a defendant might raise for compassionate release. If I was to be released I will be returning to Detroit Michigan to live with my girlfriend of four years. I will also be seeking employment through MichiganWorks. Please consider filing the compassionate release motion on my behalf. Thank you.



U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Institution

Elkton, Ohio 44415

Date:          October 6, 2020

Reply to
Attn of:       Mark K. Williams, Warden

Subject:       Compassionate Release/Reduction in Sentence

To:            Costner, Waymon Damon
               Reg. No. 57225-039
               Unit F/A

This is in response to your request for a reduction in sentence (RIS) based on underlying health issues and concerns about COVID-19.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance. Health Services staff have reviewed your medical records and determined you do not meet the criteria for a compassionate release/reduction in sentence at this time. Specifically, you do not have a terminal or incurable disease with a life expectancy of 18 months or less, and have not suffered a debilitating injury nor are you considered disabled or unable to carry on self-care.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

NAME Waymon Cosnee
REG.# 57225-039
Federal Correctional Institution Elkton
P.O. BOX 10
Lisbon, OH 44432

CLEVELAND OH 440
1 DEC 2020 PM 7 L

12/1/20

RECEIVED
FEB 17 2021
CLERKS OFFICE
U.S. DISTRICT COURT

48104-212945

Federal Building
200 EAST Liberty Street
Room 120
Ann Arbor MI 48104