UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,      Case No. 19-cr-20080

v.                                 Judith E. Levy
                                  United States District Judge

Waymon Damon Costner,

               Defendant.

_____/

**CLARIFICATION OF THE COURT'S ORDER GRANTING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On March 17, 2021, the Court held a hearing on Defendant Waymon Damon Costner's motion for compassionate release. After considering the compassionate release factors on the record, the Court determined that Defendant had met his burden for compassionate release given the current circumstances of the COVID-19 pandemic and Defendant's high-risk medical condition.

Yet, before granting the motion in full, the Court noted that the recent development and implementation of effective and safe COVID-19 vaccines mitigates any extraordinary and compelling reasons that could

otherwise justify release where the vaccine is made available to Defendant. Accordingly, the Court inquired whether Defendant had been offered the COVID-19 vaccine at FCI Elkton. Defendant confirmed he had not been offered the vaccine. He also stated he would take the vaccine if it were offered to him. The Court then asked whether Defendant was scheduled to receive the vaccine soon, and, rather than requiring an immediate response at the hearing, gave the Government several days to report back with an answer. The Court ordered this inquiry to determine whether extraordinary and compelling reasons justified further analysis of Defendant's motion. If Defendant had been scheduled to receive the vaccine, then there would no longer be extraordinary and compelling reasons for release, and the compassionate release inquiry ends there. If, however, there is no clear pathway for Defendant to receive the vaccine in a timely manner, there remain extraordinary and compelling circumstances that may justify release.

On March 19, 2021, the Government filed a response to the Court's Order. (ECF No. 34.) It indicated that Defendant would not receive a vaccine on or before March 22, 2021. (*Id.* at PageID.232.) It also indicated that a first dose would not be available in the near future. (*Id.* at

PageID.233 ("The BOP typically receives notice seven days prior to the arrival of a shipment of vaccines to a BOP facility. As of the date of this filing, FCI Elkton has not yet received notice that another shipment of first doses is arriving.").) Accordingly, on March 22, 2021, the Court issued an Amended Judgment for Defendant to be placed in home confinement, subject to other conditions set forth therein. (ECF No. 35.)

The Court now issues this Order to clarify its position in light of several suggestions made by the Government during responsive briefing. In response to the Court's Order requesting a vaccine update, the Government noted that "the Court did not issue an order requiring vaccination in this case." (ECF No. 34, PageID.235.) Yet, the Government then stated that "[s]uch an order [requiring BOP to offer an immediate vaccine to Defendant] may create an incentive for an inmate to avoid a vaccination, particular where the alternative is immediate release." (*Id.*) It further stated that "Court orders that incentivize moving certain inmates up in the vaccination queue also place the BOP in a difficult legal and moral position." (*Id.* at PageID.236.)

The Court did not order that BOP vaccinate Defendant, much less vaccinate him outside of BOP's "careful vaccine prioritization and

administration process." (*Id.* at PageID.234.) The Court's ruling in this case is not, and should not be read, as an effort to interfere with BOP's process in any way. As the Government itself acknowledged at the hearing, there is no doubt that Defendant is at high risk for a dire COVID-19 outcome due to his obesity. The Court has no doubt that, had vaccine supply been available at Elkton, BOP would likely have offered it to Defendant. However, the Government has represented that BOP is simply unable to vaccinate Defendant at this time or in the near future, and accordingly, Defendant's motion for compassionate release was not mitigated by the availability of a vaccine.

Finally, this Court has not created an "incentive" of any type for inmates to turn down the vaccine in the hopes that they could be released instead. Indeed, the Court recently denied a motion for compassionate release where a defendant initially declined the vaccine from BOP. *See United States v. Goston*, No. 15-20694, 2021 WL 872215, (E.D. Mich. Mar. 9, 2021) (Levy, J.). And in this case, the Court has made clear that it considers the offer of a vaccine—regardless of whether the Defendant accepts—to mitigate many extraordinary and compelling medical circumstances due to COVID-19. In this case, as the Government

4

acknowledged in its response, the vaccine was not available to Defendant at this time or in the foreseeable future. Accordingly, the Court granted Defendant's motion for the reasons set forth on the record at the hearing.

IT IS SO ORDERED.

Dated: March 24, 2021         s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 24, 2021.

       s/William Barkholz
       WILLIAM BARKHOLZ
       Case Manager